986 F.2d 1423
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellant,
v.
Henry JONES, Defendant-Appellee.
 No. 92-5169.
 United States Court of Appeals, Sixth Circuit.
 Feb. 9, 1993.
 
 Before KENNEDY and RALPH B. GUY, Jr., Circuit Judges, and BAILEY BROWN, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Defendant appeals his jury conviction for conspiracy to possess with intent to distribute and to distribute cocaine, a violation of 21 U.S.C. § 846. Defendant Henry Jones was indicted by a Federal Grand Jury for the Western District of Tennessee, along with 25 co-defendants, on February 7, 1990. Defendant raises a sufficiency of the evidence challenge to his conviction and also alleges that the District Court erred in admitting the defendant's grand jury testimony. Finding no merit in either claim, we AFFIRM.
 
 
 2
 At trial, the government presented evidence establishing the defendant's participation in a conspiracy of bringing cocaine from Los Angeles, California to Memphis, Tennessee. Several co-conspirators testified to Jones' involvement in two drug buying trips from Memphis to Los Angeles and back. The government also introduced a photograph, taken by the FBI, of Jones and another co-conspirator in Los Angeles.
 
 I. Sufficiency of the Evidence
 
 3
 The standard of review for sufficiency of the evidence challenges is that the appellate court must uphold the jury's verdict if "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). This Court must draw all reasonable inferences in the government's favor. United States v. Allen, 954 F.2d 1160, 1169 (6th Cir.1992). That standard remains the same whether the evidence is direct or circumstantial. Id.
 
 
 4
 To prove a drug conspiracy pursuant to 21 U.S.C. § 846, the government must establish: 1) that the conspiracy existed; 2) that the defendant knew of the conspiracy; and 3) that the defendant knowingly and voluntarily joined the conspiracy. United States v. Barrett, 933 F.2d 355, 359 (6th Cir.1991). A jury may infer the defendant's guilty knowledge and voluntary participation in the conspiracy from the surrounding circumstances. United States v. Christian, 786 F.2d 203, 211 (6th Cir.1986).
 
 
 5
 The defendant concedes the existence of the conspiracy but contends he was an unknowing participant. The thrust of the defendant's argument is that he played such a minor role he never "joined" the conspiracy. Eric Bovan, the leader of the cross-country conspiracy, testified that he required at least two people to make the Memphis to Los Angeles trip. The driver was to do nothing but drive so as not to draw attention to the car. The passenger was to guard the money, look straight ahead and be available to the driver. Bovan identified Jones as a participant who "assisted" in this way. Co-conspirator Earl Woods testified that Jones was also responsible for carrying the "dope." Co-conspirator Robert Earl Winters testified that after picking up $120,000 from Bovan, he and Jones drove out to Los Angeles together, stayed in the same hotel room, and went together to the supplier's home.
 
 
 6
 From this evidence a rational jury could infer that the defendant knew of the conspiracy and voluntarily participated in it. "Every member of a conspiracy need not be an active participant in every phase of the conspiracy, so long as he is a party to the general conspiratorial agreement." Christian, 786 F.2d at 211 (quoting United States v. Cuni, 689 F.2d 1353, 1356 (11th Cir.1982)). For purposes of conviction, a minor participant is just as much a part of the conspiracy as a major player. "The connection of the defendant to the conspiracy need only be slight, if there is sufficient evidence to establish that connection beyond a reasonable doubt." Id. (quoting United States v. Batimana, 623 F.2d 1366, 1368 (9th Cir.), cert. denied, 449 U.S. 1038 (1980)). We find that there was sufficient evidence of the defendant's knowing and voluntary participation in the conspiracy.
 
 II. Grand Jury Testimony
 
 7
 Next, the defendant argues that his Fifth Amendment right not to be forced to testify against himself was violated when the District Court allowed the government to read the transcript of portions of the defendant's grand jury testimony into evidence. He also argues that his testimony was inadmissible hearsay.
 
 
 8
 At the grand jury proceedings, the government informed the defendant of his Fifth Amendment rights and made sure that the defendant understood them. When asked whether he had ever been to Los Angeles before, the defendant denied ever having been to California. The proof at trial established that the defendant had in fact been to Los Angeles. The prosecution then introduced the testimony to impeach the defendant and to "point to a consciousness of guilt." Joint App. at 368.
 
 
 9
 First, the statement is not hearsay because it was not offered "to prove the truth of the matter asserted." Fed.R.Evid. 801(c). It was offered not to show that defendant was not in California but to show defendant's guilty knowledge since he attempted to conceal his presence in California. "[F]alse exculpatory statements are probative of a guilty conscience and hence of guilt and are admissible." Martin v. Foltz, 773 F.2d 711, 720 (6th Cir.1985), cert. denied, 478 U.S. 1021 (1986). Second, it is not hearsay since it is a party admission. Fed.R.Evid. 801(d)(2). The District Court did not err in admitting the defendant's grand jury testimony. The defendant was fully aware of his right not to answer questions which would incriminate him at the grand jury proceedings. The Fifth Amendment is in no way implicated by the admission of this testimony at the trial anymore than it is when a defendant's confession is admitted.
 
 III.
 
 10
 Accordingly, we AFFIRM the defendant's conviction.